PERZ, n.k.a. WORDEN, Appellee,

v.

PERZ, Appellant.

[Cite as *Perz v. Perz* (1993), 85 Ohio App.3d 374.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–183.

Decided March 19, 1993.

*Arnold Gottlieb,* for appellee.

*Martin Holmes,* for appellant.

SHERCK, Judge.

This is an appeal from the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which denied a motion for a change in the custody of minor children. Because we find that the trial court abused its discretion in concluding that there had been no change of circumstances of the children, we reverse and remand.

Appellant, Richard Perz, Jr., married appellee Kathleen Worden, f.k.a. Kathleen Perz, in 1977. They had two children: Richard III, born in 1978, and Kelly, born in 1979. The parties divorced in 1980 when Richard was a toddler and Kelly was an infant. Appellee was awarded custody of both children, and appellant was granted liberal visitation rights.

In 1990, appellant filed a motion seeking to gain custody over both children. In September 1991, a referee conducted the first part of a bifurcated hearing, which dealt only with the issue of "changed circumstances." At the time of the hearing, Richard Perz III was thirteen and Kelly Perz was twelve years old. Following the completion of the hearing the referee filed a report recommending denial of the motion on the grounds that appellant had failed to demonstrate any change of circumstances which would warrant a further hearing into the question of whether the best interests of the children would be served by a change of custody. Appellant filed his objections to this report. The trial court overruled those objections, approved the report and denied the motion for change of custody. Appellant then sought review in this court offering as his sole assignment of error:

"The trial court abused its discretion in finding that a change had not occurred in the circumstances of the children and their custodian and that modification of the prior custody decree was not necessary to serve the best interests of the children."

R.C. 3109.04(E)(1)(a) provides that:

"The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child."

Appellant argues that the trial court abused its discretion when it concluded that there has been no change in circumstances warranting a further inquiry into the best interests of the children. Decisions concerning the change of custody of minor children will not be reversed absent a showing that the trial court abused

its discretion. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 523 N.E.2d 846. In order for us to determine whether the trial court's actions were unreasonable and thus an abuse of discretion, we must examine the statutory meaning of what circumstances must be changed and to what degree those circumstances must change.

In matters of child custody, the best interest of the child has long been the overriding consideration. *Gishwiler v. Dodez* (1855), 4 Ohio St. 615. However, the legislature has seen fit in change-of-custody actions to erect a barrier that must be hurdled before inquiry can be made on those issues affecting the best interest of the child. That barrier is the initial requirement that there must be a change in the circumstances of the child. This obstacle can best be viewed as the domestic relations version of the doctrine of *res judicata.* That is, there cannot be a constant relitigation of the same issues. There must be some substantial change of a circumstance that is significant to the question of custody before reexamination of the issues is appropriate. The barrier to inquiry into the best interest of the child should be real, but not insurmountable.

In this case, appellant argues that the passage of time is a sufficient change of circumstances to allow an inquiry into the best interest of the children. Certainly, a child's age would be a "circumstance" that would have had a substantial impact on the court's formulation of the original custody order, as the age of the child is a factor that must be considered when making an original custody order. *Seibert v. Seibert* (1990), 66 Ohio App.3d 342, 584 N.E.2d 41 (discussing "tender years doctrine"). What becomes for us the gravamen of the situation concerns the extent of the change that must be shown through the passage of time. A literal application of the statute would lead to the conclusion that any change in the child's age would allow the court to inquire further. A child ages with each passing minute, yet to allow a court to intervene in the life of a family merely because of the passage of an instant would be to remove all meaning from the relevant clause of the statute. In short, such an application would lead to absurd results, and generally courts do not construe statutes to that end. See *Superior's Brand v. Lindley* (1980), 62 Ohio St.2d 133, 136, 16 O.O.3d 150, 152, 403 N.E.2d 996, 999. Therefore, we must conclude that the legislature intended something more reasonable—a significant passage of time.[1]

---

1.  In *Dailey v. Dailey* (1945), 146 Ohio St. 93, 32 O.O. 29, 64 N.E.2d 246, the court ruled that there has been an adequate change of circumstances when a child reaches the age where, under the law in effect at that time, the child could choose the custodial parent. R.C. 3109.04(B), in effect at the time of the instant custody hearing, states that the wishes of a child with "sufficient reasoning ability to express his wishes" are not dispositive, but are a substantial factor in the court's allocation of parental rights and responsibilities. In applying the reasoning of *Dailey* to the statute in effect at the time of the hearing, we conclude that a child's attainment of "sufficient reasoning ability" would be a substantial change in a material

Here, the children had progressed from infancy to a distinct and considerably different phase of their development. A child's needs change over such a period of time. The type of supervision necessary also changes. A child will change in physical, mental and moral development as the child leaves infancy and enters more advanced stages of life. We find that the passage of such a period of time is a sufficient change of circumstances to warrant a further inquiry into the best interest of the children.

In applying this concept to the case before us, we have determined that the trial court's findings should have led the trial court to conclude that the change-of-circumstances barrier had been overcome. The passage of the children from infancy to early adolescence is a sufficient change of circumstance to warrant an inquiry into the question of whether the interest of the children would best be served by their remaining with appellee, or by a change in custody. Therefore, we find that the trial court abused its discretion by unreasonably failing to conclude that a change in circumstances existed and by refusing to examine the ultimate custody question. Accordingly, appellant's assignment of error is well taken.

On consideration whereof, the court finds that substantial justice has not been done the party complaining. The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is reversed and this cause is remanded for further proceedings not inconsistent with this opinion. It is ordered that appellee pay the court costs.

*Judgment reversed.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.

---

circumstance such as would justify a further inquiry into the best interest of the child. However, in this case, the court did not make any findings concerning the effect of the passage of time on the children's reasoning ability.