OPINION
Plaintiff-appellant Karen Piwinski n.k.a. Karen Mizek ("appellant") appeals the decision of the Cuyahoga County Court of Common pleas, Domestic Relations Division, which granted the motion of defendant-appellee Daniel Piwinski ("appellee") and ordered the parties to adopt a Shared Parenting Agreement. For the reasons adduced below, we vacate the order of the trial court and remand the matter for further proceedings.
The facts giving rise to this appeal are as follows. The parties were married September 9, 1988. On December 13, 1993, the parties were granted a divorce. The judgment entry of divorce designated appellant as residential parent and legal custodian of the parties' only minor child, Daniel S. Piwinski (d.o.b. 7/17/92), then age 19 months, affording liberal visitation rights in favor of appellee. On April 1, 1996, appellee moved the court to modify parental rights and responsibilities. On October 8, 1996, the parties were referred to Family Conciliation Services for custody evaluation. Hearing was held before the magistrate on April 8 and 9, 1997. In support of his motion, appellee presented the testimony of Casimir Cudnik, Clinical Social Worker of the Domestic Relations Court, Family Conciliation Services. Mr. Cudnik testified that at the time of the family counseling it would be his recommendation that the custody arrangement be maintained, but that appellee continue to have as much visitation as he had previously. However, in his opinion, if the parents could lay aside their differences he "did not see why shared parenting wouldn't work beautifully in this situation" as the parents previously "had something akin to it, but not officially, and it was working." Testimony was introduced from two friends of appellee, the child's babysitter, appellant and appellee, which described the daily care of the child, the customary visitation schedule, the relationship of the parties with the child, the family situations of the parties involved, the change in the marital status of the mother and the child's progression from infancy to preschool age. It was uncontroverted that appellee played a significant role in the daily care of his son since the parties' separation. On April 23, additional briefing on the matter was submitted by the parties with leave of the court.
The magistrate submitted his Findings of Fact and Conclusions of Law on June 12, 1997. The magistrate found that the passage of time during a three-year period was "insufficient to meet the change in circumstances burden contemplated in Ohio Revised Code3109.04(E)(1)(a), as interpreted by Perez v. Perez (1993) [,]85 Ohio App.3d 344." The magistrate further found "modification of parental rights and responsibilities [was] not necessary to serve the best interest of the minor child, and that shared parenting was not in the best interest of the minor child." Thus, the magistrate recommended appellee's Motion to Modify Parental Rights and Responsibilities be denied. Appellee filed his objections to the magistrates report with leave of the court on October 14, 1997. Appellant filed a reply to these objections on October 30, 1997. On January 16, 1998, the trial court entered judgment stating:
"Defendant's Motion to Modify Parental Rights and Responsibilities #382225 is granted. The shared parenting agreement is adopted by this Court. Shared parenting agreement to be submitted by Defendant's attorney."
Appellant timely appeals from this order and advances two assignments of error for our review.
 I. THE TRIAL COURT ERRED IN MODIFYING THE DECISION OF THE MAGISTRATE AND ADOPTING DEFENDANT-APPELLEE'S SHARED PARENTING PLAN.
 II. THE TRIAL COURT ERRED IN FINDING THAT THERE WAS A CHANGE OF CIRCUMSTANCES BY AND BETWEEN THE PARTIES WHICH WOULD SUPPORT MODIFICATION OF CHILD CUSTODY WHERE DEFENDANT-APPELLEE FAILED TO SATISFY THE MANDATE OF ORC 3109.04.
In her first assignment of error, appellant contends that the trial court erred by modifying the magistrate's decision and ordering the adoption of appellee's shared parenting agreement. We find appellants first assignment of error to have merit. R.C. 3109.04 governs the allocation of parental rights and responsibilities for the care of children and shared parenting.
R.C. 3109.04(A)(1) provides in pertinent part:
 If neither parent files a pleading or motion in accordance with division (G) of this section [requesting the court to grant both parents shared parental rights], * * * the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children[.]
The record reveals that neither party filed a pleading or motion requesting shared parenting. Moreover, we conclude from the record before us that neither party filed a shared parenting plan with the court. First, the docket does not reveal the filing of such a plan. Further, the hearing transcript indicates that appellee was unfamiliar with a shared parenting agreement as evidenced by his testimony which revealed that he had "never seen the shared parenting agreement" and was "not aware of what the wording is on the shared parenting agreement." Finally, in the same order which ordered the shared parenting, the trial court ordered appellee's counsel to "submit" a shared parenting agreement to the court.
The statute does not give the court authority to create its own shared parenting plan. The trial court may not sua sponte create a shared parenting plan. Wangugi v. Wangugi (Sept. 4, 1996), Ross App. No. 95 CA 2160, unreported; See, also, McClain v.McClain (1993), 87 Ohio App.3d 856. "The statute does not give the court authority to create or order a shared parenting plan when neither of the parties has requested it. Emmert v. Aronson (Mar. 5, 1997), Summit App. No. 17878, unreported at 6." Helms v. Helms
(Sept. 10, 1997), Summit App. No. 18142, unreported.
In this case the trial court ordered shared parenting where no motion or pleading for shared parenting was before the court in violation of R.C. 3109.04 (A). Therefore, appellant's first assignment of error is sustained.
In her second assigned error, appellant contends that the trial court erred in finding a change of circumstances which would support modification of child custody. Although our disposition of appellants first assigned error is determinative of the appeal before us, we further note appellants second assignment of error is well taken.
R.C. 3109.04 precludes a modification of custody unless a change of circumstances is found. Here, the evidence does not support the conclusion that a change in circumstances has occurred. The decision of the trial court does not affirmatively state the change of circumstance upon which it based its modification of custody, but the court order approved the decision of the magistrate "per modification below." Our review of the trial courts judgment entry reveals that the judgment does not modify the conclusion reached by the magistrate's decision which found "* * * a change has occurred in the circumstances of the residential parent in that she remarried on or about March 19, 1996, less than two weeks prior to the filing of Defendant's motion." We, therefore, conclude that the change of circumstance relied upon by the trial court as the basis for its order changing custody was the remarriage of appellant.
The record demonstrates that after hearing the evidence offered by appellee to support his argument that his child's progression from infancy to preschool age constituted a change in circumstance, the magistrate found that these three years do not meet the change as contemplated by the statute and interpreted by the court in Perz v. Perz, (1993), 85 Ohio App.3d 374. However, without any evidence to support his conclusion, the magistrate then determined that the remarriage of the mother was sufficient to constitute a "change in circumstance."
A remarriage may be considered an unforeseen change of circumstance if it creates hostility by the residential parent and new spouse against the non-residential parent. See, Davis v.Flickinger (1997), 77 Ohio St.3d 415, 419. However, here, the record clearly indicates that no evidence was presented which shows that as a result of appellants new marriage hostility was created against appellee, the non-residential father. In fact, testimony from the hearing indicated that appellee did not file for change of custody because appellant remarried. Appellee stated that "[i]t's fair to say" that nothing that appellant's new husband may have done or failed to do caused him to file the motion for modification. Moreover, at the hearing when he was asked "what it is that the new marriage does that changes the dynamics for your son?," appellee responded "[n]othing." Thus, a careful review of the record reveals that there is no evidence to support a conclusion that the remarriage of appellant created hostility against appellee, the non-residential parent. Accordingly, we find that the threshold determination by the magistrate that a "change in circumstances" occurred is not supported by any evidence in the record. Therefore, the trial court erred in modifying custody where no change in circumstance has been shown.
The judgment of the trial court by which it ordered shared parenting is reversed.
This cause is reversed for further proceedings consistent with the opinion herein.
It is, therefore, considered that appellant recover from appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J.
DIANE KARPINSKI. P.J.
JAMES D. SWEENEY. J. CONCUR.