DECISION AND JUDGMENT ENTRY
Mary Ruth Putnam appeals from the Washington County Common Pleas Court's modification of the allocation of parental rights and responsibilities.
The appellant and Earnie L. Putnam were married and had two children: Dustin James Putnam born in 1984 and James Patrick Putnam born in 1985. In 1986, they obtained a dissolution of their marriage. The appellant was designated the residential parent and legal custodian of the minor children, subject to reasonable visitation by appellee. The parties have continued to live in Ohio since their dissolution. Appellant currently lives in Belpre, Ohio. Appellee lives in Athens County, Ohio.
In October of 1999, appellee filed a Motion to Modify Custody based on allegations that the relationship between the children and their mother had deteriorated and that the children had expressed a desire to live with their father. The trial court conducted a hearing on the motion, interviewed the children, and issued an opinion modifying the original custody order and designating appellee as the residential parent and legal custodian, subject to a standard right of visitation in the appellant. After the court's decision was journalized, appellant filed a timely notice of appeal raising the following assignment of error:
THE TRIAL COURT ERRED WHEN IT CHANGED CUSTODY OF DUSTIN AND JAMES PUTNAM TO THEIR FATHER.
A trial court's decision to grant a modification of custody is reviewed with the utmost deference. See, e.g., Davis v. Flickinger (1997),77 Ohio St.3d 415; Miller v. Miller (1988), 37 Ohio St.3d 71, 74. We can only sustain a challenge to a trial court's decision to modify custody upon a finding that the trial court committed an abuse of discretion.Davis, supra.
An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff's Dept. v. StateEmp. Relations Bd. (1992), 63 Ohio St.3d 498, 506; Wilmington SteelProducts, Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120,122. When applying an abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court.In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138. Above all, a reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use their observations in weighing the credibility of the proffered testimony. Jane Doe 1, supra, citing Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80. Deferential review in a child custody case is crucial since there may be much evident in the parties' demeanor and attitude that does not translate to the record well. Davis, supra.
R.C. 3109.04(E) governs modifications of the allocation of parental rights and responsibilities. The statute provides:
 (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of his parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
* * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
(Emphasis added.)
Thus, a trial court may modify an allocation of parental rights and responsibilities if the court finds: (1) that a change in circumstances has occurred since the last decree; (2) that modification is necessary to serve the best interest of the child; and (3) the harm likely to be caused by the modification is outweighed by the advantages of the modification.
A change in circumstances is a threshold requirement intended to provide some stability to the custodial status of the children. See,e.g., Davis, supra, citing Wyss v. Wyss (1982), 3 Ohio App.3d 412, 416. However, the Supreme Court of Ohio in Davis emphasized that appellate courts "must not make the threshold for change so high as to prevent a trial judge from modifying custody if the court finds it is necessary for the best interest of the child." Thus, we are required to afford a trial court's decision regarding a change of circumstances the utmost discretion. A trial court is limited to the extent that a change in circumstances cannot be based on a slight or inconsequential change — the change must be of substance. Davis, supra.
Once a change in circumstances has been demonstrated, the trial court next must consider whether the modification would serve the child's best interests. Smith, supra; Wangugi v. Wangugi (Apr. 12, 2000), Ross App. No. 99CA2531, unreported. R.C. 3109.04(F)(1) specifies the factors that a trial court should consider when determining a child's best interests:
In determining the best interest of the child * * * the court shall consider all relevant factors, including, but not limited to:
 (a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or plead guilty to [certain criminal offenses];
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
We conclude that the trial court conducted the proper analysis in this case and that the record contains a rational basis to support the trial court's decision to modify the allocation of parental rights and responsibilities. Thus, we cannot find that the trial court abused its discretion.
The trial court determined that a change of circumstances had occurred because there had been a substantial passage of time, almost 14 years since the last designation, and the children were now old enough to express an opinion concerning their living arrangement. In addition, the trial court found that the relationship between the mother and the children has deteriorated with the result that the children are sometimes rude, disrespectful, and unresponsive to discipline in important areas of their lives.
While the passage of time alone is not a sufficient factor to find a change in circumstances, the trial court did not rely solely on this factor, nor did the trial court rely on the children's wishes and concerns as the sole factor. See Butler v. Butler (1995),107 Ohio App.3d 633; Perez v. Perez (1993), 85 Ohio App.3d 374. In addition to these facts, the trial court considered the change in circumstances created by the maturing of the children, as well as the deteriorated relationship between the children and their custodial parent. In conjunction, these factors were sufficient to find a change in circumstances sufficient to warrant inquiry into the best interest of the children. Accord, Khulenburg v. Davis (Aug. 25, 1997), Butler App. No. CA96-07-143, unreported. Moreover, we have reviewed the record and find that the trial court's findings concerning a change in circumstances are supported by competent, credible evidence.
Appellant argues that her children's "sometimes rude, disrespectful and unresponsive" behavior toward her does not constitute a change in circumstances since the behavior is typical of the relationship most teenage boys have with both of their parents. The evidence shows that both boys talk disrespectfully to their mother and that their relationships are strained. Dustin, in particular, has experienced disciplinary problems with his mother that appear to be beyond the norm. He has refused to do basic chores around the house, he stole a gun from his uncle, and he is doing poorly in school. His teachers indicate that he has the ability to do the work, but that he is just not making the effort. Appellant admitted that she is afraid the boys are going to do something inappropriate and that she does not have control of them when they come back from visitation with their father. The trial court did not err in considering the children's deteriorating relationship with appellant as a factor in determining whether there has been a change in circumstances. There is substantial credible evidence that both children, and Dustin in particular, are experiencing disciplinary problems with their mother that go beyond typical adolescent behavior.
Appellant also argues that appellee's relationship with the boys is no less strained than hers. However, the trial judge is in the best position to determine the weight and credibility of witnesses. We will not interfere with that determination in cases such as this where there is credible evidence to support the trier of fact.
Next, the trial court found that a change of custody was in the best interest of the children. The court considered many of the factors in R.C. 3109.04(F)(1). The court found that both parties are loving parents and that appellant has done a good job of raising the children. However, it found that the children are seriously disrespectful and non-compliant with appellant and that they get along better with appellee.
The court interviewed the children who both indicated a preference to live with appellee. Appellee testified that he always wanted custody of the boys, but just did not have the right job. He indicated that he initiated modification of custody because the boys wanted the change, and that he would not have pursued it otherwise. On the other hand, the court found that appellant had put emotional pressure on the children during the course of the proceeding by telling them that she would have nothing further to do with them if they went to live with their father.
Both children indicated to the court that they were aware of the many changes they would have to go through to live with their father, including changing sports teams, coaches and losing friends; and that they were both willing to undergo these changes in order to live with the father. Moreover, there was considerable testimony regarding ongoing visitation problems. The trial court noted that appellee had failed to take the boys to some of their activities during visitations, but that communication was so strained between the parties that appellee was often unaware of scheduled activities until the children arrived for visitation. The court also noted that appellant had been unwilling to modify visitation to accommodate appellee's schedule and that she routinely called the police when appellee was late returning the children from visitation.
Appellant argues that the trial court failed to properly analyze the best interest of the children in this case because it did not identify which evidence was more credible and gave no indication how it reached its conclusion. However, appellant did not file a request for Civ.R. 52 findings of fact and conclusions of law. The failure to file a timely request for findings of fact and conclusions of law waives the right to challenge the trial court's lack of an explicit finding. See Wangugi,supra. At any rate, we find that the trial court's opinion addressed each relevant factor under R.C. 3109.04(F)(1) and made adequate reference to credible evidence to support its ultimate conclusion. We cannot say that the trial court's analysis failed to follow the statutory scheme or was irrational in its conclusion.
Finally, appellant argues that the trial court failed to address whether the advantages to changing custody outweighed the disadvantages. The trial court did not make this specific finding in its opinion or judgment entry. However, we have previously held that failure to make specific R.C. 3109.04(E)(1)(a) findings does not constitute reversible error where the record indicates that the trial court correctly applied the statutory criteria. Hubbard v. Anderson (Jan. 21, 1998), Scioto App. No. 96CA2440, unreported, citing Wilson v. Wilson (Jan. 25, 1994), Lawrence App. No. 93CA9, unreported; see, also, Martin v. Martin (June 30, 2000), Jefferson App. No. 97-JE-11, unreported (Vukovich, J., dissenting). In this case, the trial court's opinion adequately discussed the advantages of modification of custody versus the disadvantages, and its conclusion is inferred in the judgment.
Stability is always a factor that weighs against a modification of custody. In this case, the court discussed the children's living environment and relationship with appellant. The court determined that, although appellant was a loving mother, the children were not responding well to her efforts to discipline them, and that a change in school systems may be beneficial to Dustin's social development since he would be in contact with children who share his interest in equestrian activities. In addition, the court considered the tension between the parties and the resultant visitation problems. Communication between the parties was usually accomplished through the children, placing them in the middle of the dispute. The trial court also considered the emotional pressure appellant had placed on the children during the modification proceedings.
Further, the trial court considered both children's express desire to live with appellee. The trial court interviewed the children and determined that they had not been coerced by appellee in their decision. It also determined that they had reached a maturity level making it appropriate for them to express with which parent they wanted to live. The children's wishes in this case were an appropriate consideration weighing in favor of a modification since the success of a custody modification depends in part on the child's amicability to the arrangement. The appellant expresses a concern that allowing the children to decide which parent will be given residential status allows them to manipulate both the system and the parents. If it were the sole factor involved in this determination we might agree. However, it is but one factor here, and having been statutorily designated, the trial court properly could consider it. Furthermore, to the extent that this factor is subject to manipulation, the trial court is in a much better position to make that call than is this Court.
The trial court also considered the impact of uprooting the children from their current environment. In this regard, both children told the court that they were aware of the changes that would take place, and that they were willing to make the changes in order to live with appellee. The children indicated that they communicate well with appellee, and that they get along well with his companion. The trial court found that appellee's mate would provide substantial amounts of care for the children if they lived with him.
We conclude that the trial court weighed the advantages and disadvantages of a custody modification according to the statutory criteria. Although the court failed to make a specific finding with regard to R.C. 3109.04(E)(1)(a)(iii), we cannot say that this constituted an abuse of discretion, since the relevant factors were adequately addressed in the opinion. The trial court's conclusion is implicit in its judgment. Nonetheless, the better practice is for the court to make an express finding in this regard for the record may not always be so clear in this regard.
For all the forgoing reasons, we hold that the trial court did not abuse its discretion in entering judgment modifying parental rights and responsibilities.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Domestic Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _______________________ William H. Harsha, Judge
Abele, P.J.: Concurs in Judgment and Opinion with Attached Concurring Opinion
Evans, J.: Concurs in Judgment and Opinion and Concurs in Attached Concurring Opinion