DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Huron County Court of Common Pleas, Juvenile Division, which granted appellee's motion to reallocate parental rights and responsibilities and named him residential parent and legal custodian of his two minor children, Andrew R., born June 30, 1987, and Grace R., born December 27, 1988.
The marriage of appellant, Marianne R., and appellee, Charles R., was dissolved in August 1994 in the state of Arizona. The parties agreed to joint custody of their two children with physical custody divided "equally between the parents." Both parties subsequently moved to the state of Ohio. In 1996, Charles filed a motion for modification of parental rights and responsibilities in the Huron County Court of Common Pleas, Juvenile Division. He later withdrew his motion, and the court named Marianne residential parent and legal custodian of the two children, with Charles having extended summer and holiday visitation.
On October 21, 1999, Charles filed the motion to modify parental rights and responsibilities that eventually led to the instant appeal. He alleged that both the children and Marianne had experienced a change of circumstances and maintained that it would be in the best interests of the children to name him their residential parent and legal custodian. Charles further argued that the advantages of the change in environment due to modification outweighed the harm caused by such a change.
After requested psychological evaluations of the parties and their minor children and in camera interviews of Andrew and Grace, a hearing was held before a magistrate on August 21 and 24, 2000. The following facts were adduced at that hearing and during the in camera interviews.
Marianne lives with her fiance, Melvin, and their child, Barry, and with Grace and Andrew (during the school year) in a rented home in Willard, Ohio. Grace has her own room (without a door) and Andrew and Barry share a room. The home has one bathroom. The family dog is allowed to relieve himself on papers laid out on the bathroom floor. According to Grace and Andrew, the bathroom is "messy" because of this practice. In the past few years, Grace has had lice approximately four times, pinworms on one occasion and scabies another time. Barry has also had lice and pinworms. The home is frequently cluttered, and the family eats their meals in front of the television most of the time. Marianne recently received a degree in education and was to commence teaching at a parochial school in the fall. She spends a lot of time with Grace and Andrew on their school-work, in scouting and in their religious upbringing.
Charles is a Tech Sergeant E6 in the United States Air Force, currently stationed at Hill Air Force Base in the state of Utah. Appellee is remarried and lives in a two bedroom, two bath home on the base with his wife, Joanne, and Devin, her daughter from a previous marriage. Devin is approximately two years younger than Grace; the girls share a bedroom and get along well together. When he visits with his father, Andrew sleeps in a large laundry room that was converted into a bedroom for his use. Joanne, a registered nurse, is currently a homemaker and primary caretaker of the children. The testimony at the hearing on this matter revealed that while the children are allowed to take part in the activities available on the base, their father and stepmother require them to perform specific household chores and have a structured lifestyle. Appellee does not participate in any religion, but tells Grace and Andrew that they are free to attend the Catholic church located on the base.
According to Thomas P. Kunkle, Ph.D., one of the psychologists who evaluated Andrew and Grace, both have intelligence quotients that are in the superior range and are positive and well-adjusted children. In his opinion, Andrew should reside with his father and Grace should live with her mother.
Andrew and Grace claimed that Melvin and Marianne "yell" at each other frequently and that Melvin yells at them a lot. According to both children, their mother punishes them inappropriately for their age levels and is overprotective. Grace maintained that her mother refused to buy her a brassiere, and that she (Grace) was "ashamed" because she had lice and pinworms so many times.
Grace's stepmother purchased a bra for Grace when she was in Utah. Charles and Joanne also treated Grace for the lice, managing to finally eradicate them. Andrew believed that his mother and Melvin were unable to remedy the lice problem because they failed to "take all the sheets off, strip the mattresses, clean the carpet, they didn't do all that." Andrew indicated that he is allergic to dust mites and must take medication while living with his mother. He stated that while in Utah, however, the house is much cleaner and he does not need to take that medication. Both children expressed a desire to live with their father and to remain together.
In her decision, the magistrate concluded that a change of circumstances had occurred and that it was in the best interests of the children to denominate their father the residential parent and their legal custodian. The magistrate also determined that any disadvantages caused by the change in environment was outweighed by its advantages. Appellant filed objections to the magistrate's decision. On November 7, 2000, the juvenile court overruled appellant's objections and adopted the magistrate's decision as its own. Marianne appeals and asserts the following errors occurred in the proceedings below:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT A CHANGE OF CIRCUMSTANCES AS REQUIRED UNDER [R.C.] 3109.04 HAD TAKEN PLACE IN THE CIRCUMSTANCE OF THE RESIDENTIAL PARENT OF THE CHILD AND PRECEDED [sic] TO CONSIDERATION OF THE BEST INTEREST OF THE CHILD WITHOUT HAVING PROPERLY FOUND THAT THE BURDEN OF PROOF ON MOVANT NON-RESIDENTIAL PARENT HAD BEEN MET."
 "THE TRIAL COURT ABUSED ITS DISCRETION AND UNREASONABLY, ARBITRARILY AND UNCONSCIONABLY CONSIDERED THE EXPRESSED WISHES OF THE CHILDREN IN THIS CASE AND IGNORED SEVERAL OF THE SUB-FACTORS UNDER [R.C.]3109.04(iii) AND 3109.04(F)(1)(a-j)[sic]."
Our disposition of appellant's assignments of error rests on a determination of whether the trial court abused its discretion in granting appellee's motion. Miller v. Miller (1988), 37 Ohio St.3d 71,74. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3109.04(E)(1)(a) provides, in material part:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
"* * *
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
R.C. 3109.04 (F)(1) sets forth factors governing the determination of the best interest of a child. These include, but are not limited to:
 "(a) The wishes of the child's parents regarding his care;
 "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 "(c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment to his home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense * * *;
 "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
Thus, the juvenile court was required to engage in a three step analysis in determining whether a change in residential custody should be made. First, it was required to find a change in the circumstances of Grace and Andrew or the circumstances of Marianne. Second, the court had to decide that the change of custody was needed to serve the best interest of Grace and Andrew. Finally, the benefits of the change in environment had to outweigh the likelihood of harm to Grace and Andrew due to the change in environment. Clark v. Smith (1998),130 Ohio App.3d 648, 653; Smith v. Smith (July 26, 2000), Athens App. No. 00-CA-007, unreported.
In her first assignment of error, appellant initially argues that the trial court ignored that portion of the statute requiring a change of circumstances and "leaped" into a consideration of the best interests of the children, thereby improperly shifting the burden of proof to appellant, the residential parent. We disagree.
Under the "Conclusions of Law" section of the decision, the juvenile court set forth the applicable law, specifically stating that a court must find that a change of circumstances has occurred. Then, prior to any discussion of the best interest of the minor children in this case, the court held:
 "1. A change of circumstances has taken place in that the children are six years older and better able to express their concerns and desires; father has remarried and is living in Utah; mother has a live-in fiance and a child with her fiance, mother is planning to marry her fiance in the near future; Grace has had lice three or four times, pinworms at least once and scabies at least once, causing her great embarrassment and concern for her hygiene."
Accordingly, we conclude that the trial court did address the existence of a change of circumstances prior to determining whether reallocating parental rights and responsibilities was in the best interests of Grace and Andrew. Although appellant does not attack the merits of the trial court's finding, we further note that the passage of time, especially when viewed in conjunction with other factors, is a sufficient change of circumstances to permit an inquiry into the best interest of a child. SeeButler v. Butler (1995), 107 Ohio App.3d 633, 637; Perz v. Perz (1993),85 Ohio App.3d 374, 377.
Appellant also appears to contend that the trial court abused its discretion in finding that the harm likely caused to Grace and Andrew due to a change of environment is outweighed by the advantages of the change of environment. In making this contention, appellant cites to several specific facts that allegedly support her position. The trial court cited most of these facts in its "Findings of Fact" and therefore considered them in making its decision. It is not within our authority to "second-guess" the trial court on such matters by re-weighing those facts. Davis v. Flickinger (1997), 77 Ohio St.3d 415, 419. Consequently, because competent, credible evidence was offered to support the lower court's determination that the benefits of a change of environment due to a modification of custody outweighed any likely harm from that change, See Clark v. Smith, 130 Ohio App.3d at 658, appellant's contentions are without merit. For these reasons, appellant's first assignment of error is found not well-taken.
Marianne's second assignment of error asserts that the trial court abused its discretion in ignoring some of the best interest factors listed in R.C. 3109.04(F)(1) and placing an inordinate weight on the wishes of Grace and Andrew. The trial court listed the following pertinent factors used to determine the best interests of Grace and Andrew: (1) the ongoing hygiene and health problems of the children; (2) Grace's relationship with Devin; (3) the children's desire to live with their father and to reside in the same home; (4) the organization and structure of the two homes in relationship to meals, chores and rules; (5) the manner in which each parent is dealing with the onset of puberty for Grace and her need for privacy; (6) each parent's disciplinary methods, particularly the yelling and screaming employed in the mother's home; and (7) the children's concerns about the relationship of Melvin and Marianne.
Additionally, in its "Findings of Fact", the court observed that both children are highly intelligent and have no mental health needs, set forth facts establishing that the children adjusted well to both parental environments and expressly found that appellant facilitated visitation with appellee and his family. Based on this review of the trial court's judgment as a whole, we find that the court's determination that it is in the best interests of Grace and Andrew to name Charles their residential parent and legal custodian is not arbitrary, unreasonable, or unconscionable. Accordingly, appellant's second assignment of error is found not well-taken.
The judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Appellant, Marianne R., is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Melvin L. Resnick, JUDGE
James R. Sherck, J. and Richard W. Knepper, J. CONCUR.