OPINION
Defendant-appellant Gregory Kaser ("father") appeals the May 3, 2001 Judgment Entry entered by the Tuscarawas Court of Common Pleas granting the motion of plaintiff-appellee Cheri R. Boone fka Kaser ("mother") for reallocation of parental rights and designating mother as the residential parent and legal custodian of the parties' minor child, Renee (DOB 12/3/91).
 STATEMENT OF THE FACTS AND CASE
Mother and father were divorced via Judgment Entry filed November 22, 1993, which entry adopted the parties' separation agreement. Pursuant to that agreement, mother was named the residential parent of a son from a previous marriage, and father was named the residential parent of Renee. Mother subsequently moved for relief from judgment, alleging she was not properly informed as to the permanency of the separation agreement, claiming she believed such to be a temporary agreement. The trial court denied mother's request. On November 11, 1994, mother moved for a change of custody of Renee. Via Agreed Judgment Entry filed May 24, 1995, father remained the custodial parent, but mother was granted expanded visitation.
On June 21, 1999, mother filed a Motion for Reallocation of Parental Rights and Responsibilities. Although the matter was originally referred to mediation, the mediator reported the parties were not suitable for such alternative dispute resolution. The magistrate conducted a hearing on December 17, 1999, and issued a decision on February 1, 2000, as well as a Magistrate's Decision Nunc Pro Tunc on February 8, 2000. Wife filed timely objections to the magistrate's decision. The trial court conducted an oral hearing on the objections on May 22, 2000. The trial court adopted the magistrate's findings of fact and conclusions of law with modification via Judgment Entry filed May 3, 2001. However, the trial court vacated the magistrate's recommendations and designated mother as the residential parent and legal custodian of Renee.
It is from this judgment entry father appeals, raising the following assignments of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT A CHANGE IN CIRCUMSTANCES EXISTED TO WARRANT FURTHER REVIEW BY THE COURT INTO THE BEST INTEREST OF THE CHILD REGARDING A REALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING, AGAINST THE MANIFEST WEIGHT OF EVIDENCE, THAT IT WOULD BE IN THE BEST INTEREST OF THE MINOR CHILD TO GRANT THE PLAINTIFF-APPELLEE'S MOTION TO REALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO EXAMINE WHETHER THE HARM LIKELY TO BE CAUSED BY A CHANGE OF ENVIRONMENT IS OUTWEIGHED BY THE ADVANTAGES OF THE CHANGE OF ENVIRONMENT TO THE CHILD AS REQUIRED BY R.C. 3109.04(E)(1)(a).
Any other facts relevant to our discussion of father's assignments of error shall be contained therein.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
In his first assignment of error, father maintains the trial court erred in finding a change in circumstances of the child occurred, which necessitated further inquiry as to whether a modification would serve the best interest of the child.
The power of a court to modify an existing custody decree is provided in R.C. 3109.04(E)(1)(a), which states, in pertinent part:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. * * *
Initially, we note a decision to modify custody pursuant to this statute will not be disturbed on appeal absent an abuse of discretion.[1]
This standard of review is applied because it is imperative trial courts are given wide latitude in these cases.[2] An abuse of discretion has been defined as a decision that is arbitrary, unreasonable or unconscionable.[3]
A trial court applies a three-part test to determine whether modification of child custody is appropriate under the circumstances: (1) whether there has there been a change in circumstances; (2) whether a modification is in the best interest of the child; and (3) whether the harm resulting from the change will be outweighed by the benefits[4].
Although the best interest of the child has long been the overriding consideration in child custody matters[5], a trial court must first determine whether there has been a change in the circumstances of the child before the court conducts further inquiry on those issues affecting the best interest of the child. In the instant action, appellant argues the passage of time was not a sufficient change of circumstances to allow the trial court to inquire into the best interest of the child. Appellant submits the passage of time was the only factor the trial court considered in reaching its decision.
In Davis v. Flickinger, supra, the Ohio Supreme Court rejected the notion the change of circumstances must be substantial, holding the change of circumstances "must be a change of substance, not a slight or inconsequential change," before the trial court may find that the change of circumstances warrants a modification of parental rights and responsibilities.[6]
We agree with father the passage of time, alone, is not sufficient to find a change of circumstances and relitigate the issue of custody. However, we believe the passage of time during a significant developmental portion of a child's life, combined with other pertinent factors, such as the child's expressed desires to reside with mother, supports the trial court's finding of a change of circumstances, requiring further inquiry by a trial court.[7] We find the trial court did not abuse its discretion in finding a change of circumstances occurred which required further inquiry by the court. Specifically, the trial court noted Renee clearly expressed her desire to live with mother to the Guardian Ad Litem and the Magistrate. The trial court further found Renee had passed from infancy to pre-adolescence.
Father's first assignment of error is overruled.
 II
In his second assignment of error, father maintains the trial court's finding it was in the best interest of Renee to grant custody to mother was against the manifest weight of the evidence.
"Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court."[8]
R.C. 3109.04(E)(1)(a) requires the court to find a modification of the prior decree is in the child's best interest. R.C. 3109.04(F)(1) requires a trial court, when making such a determination, to consider all relevant factors, including the following:
 (a) The wishes of the child's parents regarding his care;
 (b) * * * the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, * * *
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; * * *
 (i) Whether the residential parent * * * has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
Our review of the record reveals the trial court carefully considered the factors set forth in R.C. 3109.04(F) in reaching the determination the best interest of Renee would be served by awarding custody to mother. The record reveals Renee's interaction with both parents is very good; Renee is a well-adjusted child, who obtains good grades in school and interacts well with other children; and the child expressed her desire to live with mother. With respect to father, the evidence revealed he continued to harbor a great deal of animosity toward mother. Additionally, father did not permit Renee to have friends at the house or encourage Renee to interact with other children in the neighborhood. Regarding mother, the evidence established she had made significant changes for the better in her life since the divorce from father. Mother remarried in February, 1997, and currently resides in a home with her husband and his two children from a prior marriage. Mother's home is located on a rural four acres of land. Mother suffers from some mild depression and anxiety.
Based on the aforementioned evidence, we find the trial court's determination was not against the manifest weight of the evidence.
Father's second assignment of error is overruled.
 III
In his final assignment of error, father submits the trial court erred and abused its discretion in failing to examine whether the harm likely to be caused by a change of environment was outweighed by the advantages of that change to Renee.
In its May 3, 2001 Judgment Entry, the trial court adopted the magistrate's findings of fact and conclusions of law with modification. The magistrate's conclusion included a determination the trial court must find "the harm likely to be caused by a change of environment is outweighed by the advantages by the change of environment to the child."[9] Although this determination is somewhat general, the statute does not require express findings. The entry demonstrates the trial court did consider this issue. We note neither party requested findings as to this issue. We find the evidence presented in the record supports this finding.
Father's third assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hoffman, J., Edwards, P.J. and Wise, J. concur.
[1] Davis v. Flickinger (1997), 77 Ohio St.3d 415, para. one of syllabus.
[2] Id. at para. two of syllabus.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] In re Kennedy (1994), 94 Ohio App.3d 414.
[5] Gishwiler v. Dodez (1855), 4 Ohio St. 615.
[6] Davis v. Flickinger, supra at 418.
[7] For a similar result, see Perez v. Perez (1993),85 Ohio App.3d 374.
[8] Trickey v. Trickey (1952), 158 Ohio St. 9.
[9] February 8, 2000 Magistrate's Decision Nunc Pro Tunc at p. 6.