STOVER, Appellant,

v.

PLUMLEY, Appellee.

[Cite as *Stover v. Plumley* (1996), 113 Ohio App.3d 839.]

Court of Appeals of Ohio,
Fourth District, Gallia County.

No. 96 CA 2.

Decided Aug. 23, 1996.

*Southeastern Ohio Legal Services* and *Thomas R. McGuire,* for appellant.
*William D. Conley,* for appellee.

PETER B. ABELE, Presiding Judge.

This is an appeal from a judgment entered by the Gallia County Common Pleas Court granting a motion for modification of the allocation of parental rights and responsibilities filed by Norman Plumley, defendant below and appellee herein, against Brenda Stover, plaintiff below and appellant herein.

Appellant assigns the following error:

"The trial court erred in granting a change of custody based on an unsubstantiated allegation of sexual abused made by the non-custodial parent."

The parties became married by virtue of common law. Their two daughters were born in 1989 and 1990. On October 5, 1992, appellant filed a complaint for divorce. On December 14, 1993, the trial court issued a decree of divorce awarding the parties shared parenting of the children and naming appellant as the primary residential parent.

On July 21, 1995, appellee filed a motion for a modification of the allocation of parental rights and responsibilities. In an affidavit in support of the motion, appellee stated that the children "have related to him that they have been fondled and touched while in the home of their mother." Appellee further stated that Gallia County Children's Services workers had interviewed the children and "strongly suspect that the allegations of the children appear to be true and correct." Appellee noted that the children have not yet been examined by a physician, but have an appointment set for early September. On July 21, 1995, the trial court issued an emergency temporary order placing the children with appellee.

On August 7, 1995, appellant filed an affidavit disputing the statements appellee made in his affidavit.

On August 15, 1995, the trial court held a hearing on appellee's motion for modification of the allocation of parental rights and responsibilities. At the conclusion of the hearing that day, the trial court noted that Gallia County Children's Services will take the children to Children's Hospital in Columbus,

Ohio on September 13, 1995 for an examination. The trial court indicated that it would schedule another hearing date for after September 13, 1995.

On September 18, 1995, appellant filed a motion for an immediate order restoring her as the residential parent of the children. In the motion, appellant noted that the September 13, 1995 examination of the children at Children's Hospital revealed no evidence of sexual molestation. Appellant noted that both she and her current husband have volunteered to take a lie detector test.

On October 25, 1995, the magistrate held a hearing on appellee's motion for a modification of the allocation of parental rights and responsibilities. On November 1, 1995, the magistrate issued a decision finding that "the evidence fails to support the allegations" that appellee made in his motion for a modification of the allocation of parental rights and responsibilities.

On November 15, 1995, appellee filed objections to the magistrate's decision. On December 19, 1995, the trial court held a hearing on appellee's objections.

On January 12, 1996, the trial court entered judgment granting appellee's motion. The trial court wrote as follows:

"Briefly the facts are as follows: One of the children alleges that the mother's new husband has committed sexual abuse. According to the Court's entry, the stepfather agreed to submit to a polygraph test concerning this matter. However, this test was not performed because at the time it was scheduled he refused to submit. The child was examined in Columbus, Ohio but no findings were made that indicated sexual abuse. At the hearing, Russ Moore of the Gallia County Children's Services testified he still had serious concern about this case. No action was taken by the Gallia County Children's Services beyond the temporary emergency order. No complaints of a criminal nature or complaint in Juvenile Court has been filed against the stepfather.

"The issue before this Court is whether a motion for change of custody should be sustained upon allegation of sexual abuse against the stepfather.

"The Fourth District Court of Appeals has addressed this issue and this Court is bound to follow this ruling. In *Beekman v. Beekman,* 96 Ohio App.3d 783 [645 N.E.2d 1332] (1994), the Court of Appeals held:

" '[U]nsubstantiated allegations of sexual abuse are a change of circumstances and may be grounds on which to modify a prior custody award.' [*Id.* at 789, 645 N.E.2d at 1336.]

"In light of this Court of Appeals case, this Court hereby grants the motion to change custody."

Appellant filed a timely notice of appeal.

In her sole assignment of error, appellant asserts that the trial court erred by granting a change of custody to appellee based upon appellee's unsubstantiated allegation that appellant's current husband had committed sexual abuse against the children. Appellant argues that the trial court misapplied *Beekman v. Beekman* (1994), 96 Ohio App.3d 783, 645 N.E.2d 1332, to the facts of the case *sub judice.* We agree with appellant.

R.C. 3109.04(E)(1)(a) provides as follows:

"The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

"(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

"(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

"(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

Thus, the trial court may not modify a prior decree allocating parental rights and responsibilities unless it finds that (1) based on facts occurring after the original decree or unknown to the court at the time of the original decree, a change has occurred in the circumstances of the child or his or her residential parent; (2) a modification is in the best interest of the child; and (3) one of the three conditions listed in R.C. 3109.04(E)(1)(a) exists. *Clyborn v. Clyborn* (1994), 93 Ohio App.3d 192, 195, 638 N.E.2d 112, 114–115; *Holm v. Smilowitz* (1992), 83 Ohio App.3d 757, 773, 615 N.E.2d 1047, 1057.

In *Beekman, supra,* 96 Ohio App.3d at 789, 645 N.E.2d at 1336, Judge Grey wrote as follows:

"We * * * find that unsubstantiated allegations of sexual abuse are a change of circumstances and may be grounds on which to modify a prior custody award."

For two reasons, however, we find that the trial court misapplied *Beekman* to the case *sub judice.*

First, we note that in *Beekman* the custodial parent made the unsubstantiated allegations and denied the noncustodial parent visitation with the child. Judge Grey reasoned that the custodial parent's unsubstantiated allegation and related behavior was "an attempt to poison the relationship" between the children and the noncustodial parent. Thus, Judge Grey held that a custodial parent's unsubstantiated allegations of sexual abuse may constitute grounds to remove the children from the custodial parent. In the case *sub judice*, the *noncustodial* parent made the unsubstantiated allegations of sexual abuse. Thus, rather than removing the children from the parent making the unsubstantiated allegations, the trial court awarded the children to that parent.

Second, we note that although Judge Grey authored the *Beekman* opinion, the two concurring judges did not agree with his finding that "unsubstantiated allegations of sexual abuse are a change of circumstances and may be grounds on which to modify a prior custody award." Judge Stephenson wrote as follows:

"I agree that all of [the evidence] was sufficient for the lower court to find that the sexual abuse allegations were unsubstantiated. I also agree that this would be one factor to consider in deciding whether there had been a change in circumstances. However, I stop short of joining any suggestion in the principal opinion that this factor *standing alone* would warrant modification of custody/allocation of parental rights." (Emphasis *sic.*) *Id.*, 96 Ohio App.3d at 791–792, 645 N.E.2d at 1338.

Judge Harsha wrote as follows:

"However, I agree with Judge Stephenson that we should not adopt a *per se* rule, but should maintain a totality of the circumstances approach in determining the child's best interest." *Id.* at 791, 645 N.E.2d at 1337.

Thus, Judge Grey's finding does not constitute the majority view in *Beekman*. Rather, the unsubstantiated allegations of sexual abuse are only one factor that a court may consider when determining whether a change in circumstances has occurred.

Therefore, because the trial court did misapply the *Beekman* decision to the case *sub judice*, the trial court's judgment must be reversed and the cause remanded for further proceedings. We hasten to note, however, that we make no comment concerning the merits of the motion for the modification of parental rights and responsibilities. We recognize that the trial court's judgment stemmed from evidence indicating that appellant's marriage placed the children in a harmful environment and that the trial court's motivation is to provide for the safety and well-being of the children. Thus, the trial court may, on remand, reconsider all of the evidence in light of the correct application of the law and enter its judgment accordingly.

Accordingly, based upon the foregoing reasons we sustain appellant's assignment of error.

*Judgment reversed
and cause remanded.*

KLINE, J., concurs.

HARSHA, J., concurs separately.

HARSHA, Judge, concurring.

While I agree with the judgment and the principal opinion in almost all aspects, I wish to clarify one point. *Beekman, supra,* does not and cannot stand for the proposition that a movant's factually unsubstantiated allegations can be the basis for establishing a change in circumstances. Where a residential parent makes repetitive, unsubstantiated, factual allegations concerning the nonresidential parent's conduct, a trial court may consider these unsubstantiated allegations by the residential parent as creating a change in circumstances. Based upon the totality of the circumstances, the court may then find that continuing the residential parent's status is contrary to the best interest of a child. This is a far cry from saying that a movant's factually unsubstantiated allegations of misconduct, even though they are not proven by a preponderance of the evidence, can be the basis for finding a change of circumstances. *Beekman* does not provide a basis for establishing the existence of a change in circumstances by means of unsubstantiated factual allegations regardless of whether they are made by a residential or a nonresidential parent.