DECISION AND JUDGMENT ENTRY
{¶ 1} Deborah Douglass-Makni[1] appeals the Pike County Court of Common Pleas' decision granting custody of the parties' daughter, Mariam Makni, to appellee. Appellant maintains the trial court erred in two respects: (1) by failing to appoint a guardian ad litem to represent Mariam at the custody hearing and (2) by refusing to interview the other two minor children in chambers. She also appeals the trial court's order to recalculate child support and the court's finding that appellee was not in contempt of court.
 {¶ 2} Appellant claims that Mr. Makni did not supply the necessary financial records required for an accurate child support computation. Finally, appellant appeals the trial court's determination that she be required to pay all court costs. In response, appellee contends that the trial court did not abuse its discretion when it granted his motion for permanent custody. In addition, appellee claims that the trial court did not err in ordering a recalculation of child support and in overruling the motion for contempt. He maintains that both rulings were proper since he provided all the financial documents requested by the court. Lastly, appellee argues that it was proper for the trial court to order appellant to pay all court costs. There is abundant evidence in the record to support the trial court's conclusion that a change of custody was in Mariam's best interest. Accordingly, the trial court did not abuse its discretion here. We also conclude that the trial court did not abuse its discretion in overruling the contempt motion and in ordering a recalculation of child support because the record contains evidence to support the trial court's determination that Mr. Makni provided the financial information it demanded. Finally, we decline to address appellant's argument regarding court costs since the issue is not properly before this court.
 {¶ 3} Deborah Douglass-Makni and Khaled Makni were married in 1981 and had three children during the course of their marriage. The parties signed a separation agreement and received a divorce in 1996. Under the agreement, Ms. Douglass-Makni was the sole residential parent and legal custodian of the children. Mr. Makni had to pay $150 per week for child support as well as half of the children's medical expenses. The court later modified the appellee's child support obligation and ordered him to make payments on an arrearage that had accrued.
 {¶ 4} Sometime during March, 2001, Mariam went to live with her father. In April, 2001, appellant filed numerous motions requesting, among other things, that appellee be found in contempt for failing to provide documents pertaining to all sources of income from 1995 to the present. She also requested that she regain her status as the custodial parent of the parties' daughter, Mariam. Appellee responded by filing a motion to modify custody, requesting that he become Mariam's residential parent and legal custodian. The trial court scheduled a hearing on all the motions. In addition, the trial court ordered appellee to provide the Pike County Child Support Enforcement Agency with tax returns for the years 1996, 1997, 1998, 1999, and 2000.
 {¶ 5} At the hearing, Kevin Harrell, of the Pike County Child Support Enforcement Agency stated that Mr. Makni had provided his tax returns from 1996-2000. Thus, the court found the Mr. Makni had purged himself of contempt and overruled appellant's motion. The court then ordered Mr. Harrell to recalculate the child support amounts based on the submitted documents. In resolving the custody issue, the court interviewed Mariam in chambers and decided to change custody to Mr. Makni.
 {¶ 6} Ms. Douglass-Makni appeals, raising the following assignments of error: FIRST ASSIGNMENT OF ERROR — THE TRIAL COURT ERRED IN NOT FINDING THE DEFENDANT IN CONTEMPT TO (SIC) COURT IN FAILING TO PROVIDE ALL SOURCES OF SELF-GENERATED INCOME SINCE 1996.
 {¶ 7} SECOND ASSIGNMENT OF ERROR — THE TRIAL COURT ERRED IN NOT (SIC) ORDERING THE CHILD SUPPORT ENFORCEMENT AGENCY TO RECALCULATE WITHOUT SUFFICIENT AND RELIABLE AND ACCURATE INCOME INFORMATION.
 {¶ 8} THIRD ASSIGNMENT OF ERROR — PLAINTIFF WAS DENIED DUE PROCESS OF LAW.
 {¶ 9} FOURTH ASSIGNMENT OF ERROR — THE TRIAL COURT ERRED IN REFUSING TO INTERVIEW MINOR CHILDREN AS WITNESSES IN A (SIC) DOMESTIC VIOLENCE OF DEFENDANT'S HOME.
 {¶ 10} FIFTH ASSIGNMENT OF ERROR — TRIAL COURT ERRED IN GRANTING CUSTODY TO DEFENDANT.[2]
 {¶ 11} SIXTH ASSIGNMENT OF ERROR — TRIAL COURT ERRED IN ORDERING PLAINTIFF TO PAY COURT COSTS.
 {¶ 12} In her first assignment of error, appellant asserts that the trial court erred in overruling her contempt motion. She argues that the appellee's submission of income tax returns was not sufficient proof of his actual income because he failed to provide documentation of additional, self-generated income.
 {¶ 13} Contempt is a disregard of, or disobedience to, an order or command of judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294,295, 455 N.E.2d 691. We generally review a trial court's decision on contempt proceedings under an abuse of discretion standard. State exrel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11, 417 N.E.2d 1249. An abuse of discretion consists of more than error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. State v. Lessin, 67 Ohio St.3d 487, 494,1993-Ohio-52, 620 N.E.2d 72; Rock v. Cabral (1993), 67 Ohio St.3d 108,112, 616 N.E.2d 218. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181, citing Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301.
 {¶ 14} At the hearing, Mr. Harrell of the Pike County Child Support Enforcement Agency stated to the court that he had received income tax returns from appellee for the years 1996-2000. He also stated that appellee had included a separate chart that identified miscellaneous occasional income. Appellant contends that the income reported on appellee's chart is inaccurate but she offers no evidence to dispute appellee's figures. Appellant indicates that she had planned on calling witnesses to testify as to appellee's self-generated income. However, the record indicates that those witnesses were not present at the hearing because they had not been subpoenaed. Moreover, appellant herself admitted that she had not spoken to the witnesses so there is no indication that if they had testified, their testimony would have proven the figures to be inaccurate. Appellant also claims to possess contracts related to appellee's self-generated income; however, appellant did not introduce these contracts into evidence, thus they are not part of the record. Since there is both testimonial and documentary evidence from which the trial court could reasonably conclude that appellee complied with the order to submit evidence of his income, we cannot conclude that the trial court abused its discretion in overruling the motion for contempt. Appellant's first assignment of error is overruled.
 {¶ 15} Next, appellant argues that the trial court erred when it ordered the Child Support Enforcement Agency to recalculate child support based on the documents submitted by appellee. Appellant seems to be arguing that appellee failed to provide evidence of his self-generated income, thus resulting in an inaccurate calculation. It is well-settled that a trial court's decision regarding child support obligations falls within the sound discretion of the trial court. Pauly v. Pauly,80 Ohio St.3d 386, 390, 1997-Ohio-105, 686 N.E.2d 1108; Booth v. Booth
(1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. Thus, absent an abuse of discretion, we will uphold the trial court's decision.
 {¶ 16} R.C. 3119.05 provides the requirements a court must follow when calculating child support. Subsection (A) states: The parents' current and past income and personal earnings shall be verified by electronic means or with suitable documents, including, but not limitedto, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns. (Emphasis added.)
 {¶ 17} In this instance, appellee provided a document entitled "Occasional Income" for the years 1998, 1999, 2000, and 2001. The trial court found this document to be sufficient documentation of appellee's self-generated income. In the absence of evidence to the contrary except for appellant's undocumented assertions, we cannot say that the trial court abused its discretion in that regard. We overrule appellant's second assignment of error.
 {¶ 18} In her third assignment of error, appellant claims that she was denied due process of law. Within this error, she raises the following three arguments: (1) the trial court failed to appoint a guardian ad litem to represent Mariam during the custody proceedings; (2) the court failed to compel the attendance of witnesses; and (3) the court failed to grant a continuance of the hearing.
 {¶ 19} In allocating parental rights and responsibilities for the care of a minor child, the trial court has discretion to appoint a guardian as litem on its own motion. However, upon the motion of either parent, the duty to appoint a guardian ad litem for the child is mandatory. R.C. 3109.04(B)(2)(a). Here, however, neither party ever requested the appointment of a guardian ad litem. Thus, we will uphold the trial court's decision absent an abuse of discretion. Stanley v.Stanley (Dec. 27, 1995), Lawrence App. No. 94 CA 32; Conner v. Renz
(Aug. 26, 1992), Athens App. Nos. CA 1492, CA 1519. At the time of the custody hearing, Mariam was 17 ½ years old. The court spoke with Mariam and found that she had a "good handle on the situation." The court also found her to be "remarkably mature." Nothing in the record indicates that Mariam's rights were compromised by the failure of the court to appoint a guardian ad litem. After reviewing the record, we cannot say that it was unreasonable for the trial court to proceed without appointing Mariam a guardian ad litem. We reject appellant's first argument.
 {¶ 20} Appellant next suggests that the trial court erred when it refused to compel the attendance of witnesses that had been subpoenaed for the hearing. The court originally scheduled the hearing for June 22, 2001. Appellant subpoenaed more than 30 witnesses for that particular hearing date. However, when the hearing was re-scheduled for July 31, 2001, appellant subpoenaed only a portion of those witnesses, most of whom were requested to testify about Mariam's behavior. A number of the subpoenaed witnesses were unable to appear and instead, at appellant's request attempted to submit letters in lieu of their testimony.
 {¶ 21} In her brief, appellant seems to contend that she wanted the witnesses who failed to appear at the hearing to testify as to appellee's income, thus impacting the child support issue, not the custody issue. However, appellant failed to subpoena those particular witnesses for the July 31, 2001 hearing. Thus, she cannot claim the trial court erred when it was in reality her fault that the witnesses were absent. Accordingly, we reject appellant's contention.
 {¶ 22} Appellant's final argument claims that the trial court erred in not continuing the hearing so that she could procure witnesses and documents. However, a review of the record reveals that appellant failed to request a continuance in the trial court. Issues not raised in the trial court are deemed waived on appeal. State v. Williams (1977),51 Ohio St.2d 112, 364 N.E.2d 1364, paragraph one of the syllabus; StoresRealty Co. v. City of Cleveland (1975), 41 Ohio St.2d 41, 43,322 N.E.2d 629. Having found no merit in appellant's arguments, we overrule her third assignment of error.
 {¶ 23} Appellant's fourth assignment of error claims that the trial court erred when it failed to interview the other minor children when determining Mariam's best interests. R.C. 3109.04(B)(1) provides that the trial court, in making a custody determination, "may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation." (Emphasis added.) In this case, the trial court was only faced with a decision concerning Mariam's custody. The custody of the other two minor children was not in dispute. The court did, in fact, interview Mariam in chambers as to her desire to live with either her mother or father. While the court had the duty to consider Mariam's interaction and relationship with her sisters under R.C.3109.04(F)(1)(c)[3], it was not required to interview the other minor children who were not directly involved in the custody determination. In the absence of any indication that the court failed to consider R.C.3109.04(F)(1)(c), we cannot conclude that the trial court abused its discretion. Appellant's fourth assignment of error is overruled.
 {¶ 24} In her fifth assignment of error, appellant challenges the trial court's modification of custody, which granted Mariam's legal and residential custody to appellee. A trial court's decision to grant a modification of custody is reviewed with the utmost deference. Davis v.Flickinger, 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159;Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. Consequently, we can only sustain a challenge to a trial court's decision to modify custody upon a finding that the trial court abused its discretion. Davis, supra. When applying an abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181. Above all, a reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use their observations in weighing the credibility of the proffered testimony. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Moreover, deferential review in a child custody case is crucial since there may be much evident in the parties' demeanor and attitude that does not translate to the record well. Davis, supra, at 419.
 {¶ 25} R.C. 3109.04(E)(1)(a) governs the modification of a decree allocating parental rights and responsibilities and states: The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies: * * * The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
 {¶ 26} Thus, a trial court may modify an allocation of parental rights and responsibilities if the court finds: (1) that a change in circumstances has occurred since the last decree; (2) that modification is necessary to serve the best interest of the child; and (3) the harm likely to be caused by the modification is outweighed by the advantages of modification. Stover v. Plumley (1996), 113 Ohio App.3d 839, 842,682 N.E.2d 683.
 {¶ 27} A change in circumstances is a threshold requirement intended to provide some stability to the custodial status of the child.Davis, supra, at 417, citing Wyss v. Wyss (1982), 3 Ohio App.3d 412,416, 445 N.E.2d 1153. However, the Ohio Supreme Court in Davis emphasized that appellate courts "must not make the threshold for change so high as to prevent a trial judge from modifying custody if the court finds it necessary for the best interest of the child." Thus, we are required to afford a trial court's decision regarding a change of circumstances the utmost discretion. A trial court is limited to the extent that a change in circumstances cannot be based on a slight or inconsequential change; it must be one of substance. Davis, supra, at 418.
 {¶ 28} After finding that a change of circumstances exists, the trial court next must consider whether the modification would serve the child's best interests. Wangugi v. Wangugi (Apr. 12, 2000), Ross App. No. 99CA2531. R.C. 3109.04(F)(1) specifies the factors that a trial court should consider when determining a child's best interests:
In determining the best interest of a child * * *, the court shall consider all relevant factors, including, but not limited to: (a) The wishes of the child's parents regarding the child's care; (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court; (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) The child's adjustment to the child's home, school, and community; (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor; (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child; (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
We find that the record contains a rational basis to support the trial court's decision to modify the allocation of parental rights and responsibilities. Thus, we cannot find that the trial court abused its discretion.
 {¶ 29} The trial court determined that in the five years since the original custody decree, a significant change in circumstances had occurred. At the time of the hearing, Mariam was 17½ years old and had already been living with her father for several months. Appellant stated to the court that she had experienced several behavioral problems with Mariam and was unable to handle the situation. She sent Mariam to live with her father because she was "at [her] wit's end." She also indicated that she had signed a piece of paper stating "full custody is yours" and given it to appellee. We find that the trial court's finding concerning a change in circumstances is supported by the evidence in the record.
 {¶ 30} The trial court also found that designating appellee the sole residential parent and legal guardian was in Mariam's best interest. The trial court interviewed Mariam in chambers and found her to be a "very bright" and "remarkably mature child." During this interview, Mariam indicated that she wished to live with her father. In addition, Mariam was already living with her father at the time. These factors, along with the fact that Mariam was 17½ years old at the time, justify a finding that Mariam's best interest would be served by remaining with her father. We cannot say that this was an abuse of discretion by the trial court.
 {¶ 31} We agree that the trial court did not make a specific finding that the harm caused by the change of environment outweighs the advantages of the change. However, we have previously determined that the failure to make a specific R.C. 3109.04(E)(1)(a) finding does not constitute reversible error where the record indicates that the trial court properly applied the statutory criteria. Wilson v. Wilson (Jan. 25, 1994), Lawrence App. No. 93CA9. The record before us indicates that the trial court did so. Moreover, "the change" had already occurred by the agreement of the parties. Under these facts, we find that the trial court did not err in designating appellee as Mariam's sole residential and legal guardian. Appellant's fifth assignment of error is overruled.
 {¶ 32} In her last assignment of error, appellant contends that the trial court erred when it ordered her to pay all court costs. The trial court chose not to rule on the issue of court costs at the July 31, 2001 hearing. When asked, the court specifically stated that it was not going to make a determination on court costs at that time. The record indicates that the trial court did order appellant to pay court costs in its January 17, 2002 entry. However, the January 17, 2002 entry is not the subject of this appeal. Since the issue of court costs is not properly before us, we overrule appellant's sixth assignment of error.
 {¶ 33} Having found all of appellant's assignments of error to be meritless, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court, Domestic Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J. Concur in Judgment and Opinion.
[1] The trial court's entry spells appellant's name "Douglas-Makni", with one "s". However, the record indicates that the correct spelling is "Douglass-Makni".
[2] We recognize the fact that Mariam is now eighteen years of age and no longer bound by the custody decree. However, we will address the merits of appellant's arguments concerning the custody modification as it has an impact on the child support obligation prior to her emancipation.
[3] R.C. 3109.04(F)(1) appears at p. 14 of this opinion.