DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Pickaway County Court of Common Pleas, Juvenile Division. Appellant Rebecca Lee O'Neil and Appellee Bruce E. Presler are the parents of Kathryn Jean Presler, born October 29, 1996. The care and custody of Kathryn was determined in a court approved shared parenting plan adopted on September 26, 2002in which O'Neil was designated as the residential parent. In August 2003, O'Neil notified the court that she had relocated to Springboro, Ohio. Presler filed a motion to modify the shared parenting plan and to designate him as the residential parent. In response, O'Neil filed a similar motion seeking to be retained as residential parent, but allowing Katie to attend school in Springboro.
 {¶ 2} The parties agreed that the court should conduct an interview with the child in camera and out of the presence of the parties. The court conducted a hearing during which several witnesses testified, took the case under advisement, and issued a decision designating Presler as the residential parent. From that decision, O'Neil appeals asserting two claims of error:
 {¶ 3} "[Assignment of Error I.] The court erred in its interpretation or application of R.C. 3109.04 (E)(1)(a). [Assignment of Error II.] The court erred in concluding Katie presented sufficient reasoning ability to determine her wishes as to preference of parent with whom to reside."
 {¶ 4} The facts in this case are not disputed. The shared parenting plan was established when both parties lived near Ashville in Pickaway County. The parties cooperated with each other in their shared parenting, and Kathryn spent some days with her mother and some with her father. Kathryn also attended the New Hope Christian School.
 {¶ 5} The mother married Jim O'Neil, and when he obtained a job managing a store in Springboro, she moved there. On the days when she had physical custody of Kathryn under the terms of the shared parenting plan, O'Neil would drive her to school in the morning and back again at night. This is about 200 miles round trip. This relocation effectively put an end to the workability of the shared parenting arrangement. Because of the distances, Kathryn would have to live with one parent and go to school there, while the other would have standard visitation. Each party sought to be designated residential parent, that is, to have Kathryn.
 {¶ 6} R.C. 3109.04 (E)(1)(a) provides:
 {¶ 7} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 8} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 9} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 10} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 11} O'Neil's first assignment of error regarding the misapplication of the R.C. 3109.04(E)(a)(1) is encapsulated on page three of her reply brief: { ¶ 12} "Although the parties agreed that a change needed to take place and that the best interest of the child was before the court, the court cannot shirk its statutory duty to examine the harm and advantages of a change in environment."
 {¶ 13} While it is true that the trial court did not parrot the words "harm", or "advantage", it is clear the court did make this kind of analysis. See, for example, the second to last paragraph of court's decision: "Katie is very comfortable and adjusted at her New Hope Christian School and at her father's surroundings. (advantage) It would not be in her best interest to abruptly change that and require her to immediately live with her mother on a continuous basis and enroll in an unknown public or private school." (harm)
 {¶ 14} This court has dealt with this issue before. In Bragg v.Hatfield, 152 Ohio App.3d 174, 2003-Ohio-144, at ¶ 23, we described the duty of the trial court:
 {¶ 15} "In determining whether to modify custody, three factors generally guide a trial court's decision: (1) whether a change in circumstances has occurred since the previous decree, (2) whether a modification is in the child's best interests, and (3) when the benefits resulting from the modification outweigh any harm. Beaver v. Beaver
(2001), 143 Ohio App.3d 1, 9, 757 N.E.2d 41; Clark v. Smith (1998),130 Ohio App.3d 648, 653, 720 N.E.2d 973; Stover v. Plumley (1996),113 Ohio App.3d 839, 842, 682 N.E.2d 683. The threshold requirement here is whether a change in circumstances has occurred. Makni v. Makni,
Pike App. No. 01CA680, 2002-Ohio-5098, 2002 WL 31131877, at ¶ 27. The change must be significant — something more than a slight or inconsequential change. Id.; see, also, Putnam v. Putnam (May 17, 2001), Washington App. No. 00CA32, 2001 WL 548717; Smith v. Smith (July 26, 2000), Athens App. No. 00CA07, 2000 WL 1047665. The change must be significant."
 {¶ 16} We also described the standard of review of a decision such as this, i.e. abuse of discretion:
 {¶ 17} "A trial court's finding regarding a change in circumstances should not be disturbed on appeal absent an abuse of discretion. Davisv. Flickinger (1997), 77 Ohio St.3d 415, 416, 674 N.E.2d 1159. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. See Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 342, 695 N.E.2d 1140; Malone v. Courtyard byMarriott, L.P. (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242; State exrel. Solomon v. Police Firemen's Disability Pension Fund Bd. ofTrustees (1995), 72 Ohio St.3d 62, 64, 647 N.E.2d 486. In applying the abuse-of-discretion standard, appellate courts are admonished that they are not to substitute their judgment for that of the trial court. SeeState ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728,732, 654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301. Indeed, to demonstrate an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1." Bragg at ¶ 24.
 {¶ 18} We find no abuse of discretion in the trial court's decision in this case. The trial court had to choose between two people who are, whatever their minor faults, good and caring parents. The court permitted the little girl to remain in the place and the school where she has lived most of her life. This cannot be deemed an abuse of discretion. Assignment of Error I is not well-taken and is overruled.
 {¶ 19} As for appellant's second assignment of error, the trial court did interview Kathryn and asked some leading questions. The court did consider what the girl had told him, but the court's December 5, 2003 decision goes through each of the standards set out in R.C. 3109.04(F) such as interaction with parents and siblings, adjustment to the community, etc. Had the court relied solely, or even largely, on the interview in changing custody, it might have been error. The decision, however, shows that the court did consider and discuss all the relevant factors set out in the statute. The girl's preference was only one of those.
 {¶ 20} In Miller v. Miller (1988), 37 Ohio St.3d 71, the Ohio Supreme Court observed that:
 {¶ 21} "In determining whether a `change' has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her — including many of the factors in this case — and such a decision must not be reversed absent an abuse of discretion."
 {¶ 22} Assignment of Error II is not well-taken and is overruled.
 {¶ 23} Based on the foregoing, the judgment of the trial court is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Pickaway County Court of Common Pleas, Juvenile Division, carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Deshler, J.: Concur in Judgment and Opinion.